IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10998
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN SERRANO,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:96-CR-64-T

_____

May 6, 1997

Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:*

Juan Serrano appeals his jury conviction for reentry into the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Serrano argues that the district court erred in denying his motion to dismiss the indictment on the ground that his prior deportation violated his due process rights. Serrano has not shown that the district court erred in denying his motion to dismiss the indictment. See United States v. Encarnacion-Galvez,

*Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

964 F.2d 402, 409 (5th Cir. 1992); United States v. Palacios-Martinez, 845 F.2d 89, 91 (5th Cir. 1988).

Serrano argues for the first time on appeal that the government withheld the tape of the prior deportation hearing in violation of Brady v. Maryland, 373 U.S. 83 (1963). Review of this issue is limited to plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-36 (1993)). Serrano has not shown that the government withheld specific exculpatory information of which he was not aware in violation of Brady. United States v. Ramirez, 810 F.2d 1338, 1343 (5th cir. 1987).

Serrano argues that the district court erred in denying his motion to suppress certain postarrest statements that he made to Immigration and Naturalization Service Agent Thomas Shock. The district court did not err in denying Serrano's motion to suppress his statements. See United States v. Chapa-Garza, 62 F.3d 118, 121 (5th Cir. 1995); United States v. Carpenter, 963 F.2d 736, 739 (5th Cir. 1992).

Serrano argues that the district court abused its discretion in refusing to give a jury instruction on a lesser included offense. Serrano has not shown that the district court abused its discretion in refusing to give the requested jury instruction. See United States v. Deisch, 20 F.3d 139, 142 (5th Cir. 1994).

A F F I R M E D.